IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DONALESKI,    Case No. 2:08-cv-00219-JAM-JFM

      Plaintiff,    <u>ORDER GRANTING DEFENDANT'S</u>
<u>MOTION FOR SUMMARY JUDGMENT</u>

  v.

WAL-MART STORES, INC., and DOES
1 through 20, inclusive,

      Defendant.
_____/

This matter comes before the Court on Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1] Plaintiff James Donaleski ("Donaleski") opposes the motion. For the reasons set forth below, Defendant's motion is GRANTED.

//

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

In 1995, Wal-Mart hired Plaintiff James Donaleski as an hourly associate to unload trucks containing freight. Def's Mot. for Summary Judgment, Doc. # 22, ("Def's Mot.") at 2:15-16. On or about November 27, 1995, Donaleski informed Wal-Mart of his sex offense conviction and incarceration. Pl's Opposition, Doc. # 37, ("Pl's Opp.") at 2:10-14. Managers at Wal-Mart allowed him to take a leave of absence for his incarceration. Pl's Opp. at 2:12-13. Donaleski returned to work for Wal-Mart after he had been convicted and served his time for the sex offenses. Id. at 2:13-14.

At the end of 2006, Donaleski was working as a salaried Assistant Manager at the Wal-Mart store in Rancho Cordova, California. Def's Mot. at 2:16-17. On or about December 18, 2006, Yelena Lopushkova, an hourly sales floor associate at the Rancho Cordova Wal-Mart store, informed a coworker that her sister, a nonemployee, recognized Donaleski from a photograph on a sex offender registry website. Id. at 3:12-14. After independent research on the internet, Lopushkova discovered that Plaintiff was listed on California Megan's Law Website ("Website"). Id. at 3:15-19. That information came to the attention of Store Manager George Rodriguez. Id. at 3:19-20. Rodriquez, in turn, informed the Market Human Resource Manager, Linda Fermin. Id. at 3:20-21.

Fermin sought the guidance of in-house counsel, who referred her to Michal Montgomery of Wal-Mart's Analytical Research Center in the Global Security Division. Def's Mot. at 3:23-25. On December 20, 2006, Fermin wrote to Montgomery that an hourly associate reported Plaintiff was on the "Megan's Law List as being an offender." Id. at 3:26; 4:1. Montgomery forwarded Fermin specific instructions and a protocol for investigation of sex offenses committed by a current employee. Id. at 4:7-8. Montgomery asked Fermin to obtain a written statement from Plaintiff, and noted for investigations in California, that one should not consult the state sex offender registry. Id. at 4:9-10. Fermin, complying with Montgomery's instructions and Wal-Mart's general protocol, did not review the Website or consult the registry. Id. at 4:12-13.

In January 2007 at Montgomery's request, Fermin asked Donaleski to write a statement on Wal-Mart's form called an "Associate Statement." Id. at 4:17-18. In the written statement, Donaleski disclosed that he had been originally charged with three separate counts of Penal Code §288(A) in 1995. Def's Mot. at 4:25-26. Donaleski also disclosed that he was arrested on November 22, 1995 for a "lewd or lascivious act involving children under the age of 14 with the intent of arousing, or gratifying the lust or passions or sexual desire." Id. at 4:26-28. Donaleski wrote that he received a suspended

criminal sentence, as well as three years of probation, and was incarcerated for 42 days. Id. at 5:9-10. It is undisputed that in January 2007 Plaintiff informed Wal-Mart in his statements that he had been convicted of two felony counts of "lewd and lascivious acts with a minor" involving his two 13 year-old stepdaughters. Id. at 5:17-19.

Plaintiff's statements were forwarded to the Wal-Mart investigative Home Office Committee ("Committee"). Def's Mot. at 6:1-7. The Committee, comprised of three senior human resource professionals, reviewed and investigated Plaintiff's written statements during the Committee's meeting in April 2007. Id. While the Committee reviewed Plaintiff's statements, the members did not ask, nor were they aware that Plaintiff is displayed on the Website. Id. at 6:11-12. Based solely on Plaintiff's self-disclosed criminal history, the Committee voted to terminate Plaintiff at the April 2007 meeting. Id. at 6:16-20.

On April 6, 2007, Michal Montgomery informed Market Human Resource Manager Fermin that Plaintiff was discharged and instructed Fermin to notify Plaintiff. Id. at 6:21-22. Fermin notified Donaleski of his discharge and provided him with an exit interview. Id. at 6:23-24.

On January 2, 2008, Plaintiff commenced an employment action in the Superior Court of the State of California in and

4

for the County of San Joaquin against Wal-Mart.  Doc. # 2, Exh. A.  On Janauary 29, 2008, this action was properly removed to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1441(b).  Doc. # 2.  Plaintiff Donaleski claims Wal-Mart violated California Penal Code § 290.46 *et seq.* by utilizing information about his sex offender status listed on the Website for "purposes relating to employment," contrary to the statutory language.  Donaleski seeks to recover a civil penalty, as well as statutory, general, economic, and special damages in excess of $75,000.  In his second cause of action, Donaleksi contends Wal-Mart is liable for negligence because of his employment termination.  Donaleski was an at-will employee.  Def's Mot. at 1:6.

Currently before the Court is Wal-Mart's motion for summary judgment.  Doc. # 22.  Wal-Mart argues that it did not rely on Plaintiff's presence on the Website as a reason for discharging Donaleski and further that it is not liable for negligence with respect to Plaintiff's employment or termination.  Wal-Mart also argues that Donaleski is not entitled to any compensatory damages, or that any conduct warrants a civil penalty or statutory damages.  Plaintiff opposes the motion.  Doc. # 37.

//

//

II. OPINION

A. <u>Legal Standard</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses." <u>Cleotex v. Catrett</u>, 477 U.S. 317, 323-324 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing <u>Celotex</u>, 477 U.S. at 323). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

6

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]." Anderson, 477 U.S. at 252. This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.

B.  Penal Code Claims

Donaleski claims that Wal-Mart violated California Penal Code ("CPC") § 290.4(d) and 290.46(*l*) by using his conviction information found on Megan's Law Website as the basis for an employment decision. CPC § 290.46(*l*) prohibits the use of information disclosed by the Megan's Law Website for any purpose related to employment. CPC § 290.46(*l*)(2)(E). California Penal Code § 290.46(*l*) states,

> "(1) A person is authorized to use information disclosed pursuant to this section only to protect a person at risk. (2) Except as authorized under paragraph (1) or any other provision of law, use of any information that is disclosed pursuant to this section for purposes relating to any of the following is prohibited [. . .] (E) Employment [. . .]"

Plaintiff seeks damages under the following provision:

> "Any information disclosed pursuant to this section for purposes other than provided by paragraph (1) or in violation of paragraph (2) shall make the user liable for the actual damages, and any amount that may be determined

7

> by a jury or a court sitting without a jury, not exceeding three times the amount of actual damage, and not less than two hundred fifty dollars ($250) and attorney's fees, exemplary damages, or civil penalty not exceeding twenty-five thousand dollars ($25,00)." CPC §290.4(d)(4)(A); CPC §290(*l*)(4)(A).

Plaintiff asserts Wal-Mart violated the plain language of the statute through its use of information disclosed pursuant to Megan's Law. Pl's Opp. 3:18-20. Plaintiff claims that local Wal-Mart managers knew about his conviction before the Home Office Committee investigated his felony conviction in January 2007 and that it was only after he was identified as being listed on Megan's Law Website that Wal-Mart made the decision to terminate. Pl's Opp. 7:10-14. These assertions, however, do not show that there is a genuine issue of material fact as to whether Donaleski may pursue a claim under CPC 290.4(d) and 290.46(*l*).

Here, the undisputed facts show that Wal-Mart did not violate the California Penal Code. The statutory language of the CPC does not prevent an employer from engaging in an independent investigation and obtaining personal information from the ex-offender even if the employer is aware that the ex-offender's information is displayed on the Website. Pastrana v. Local 9509, Communs. Workers of Am., 2008 U.S. Dist. LEXIS 94612 (S.D. Cal. Nov. 19, 2008) at *36. Wal-Mart's Committee did not terminate Donaleski because he was listed on the Website. The

8

Committee did not consult the Website or utilize the specific information disclosed on the Website in rendering a termination decision.  Rather, the Committee terminated Donaleski following an independent investigation which confirmed his felony conviction.  Committee members conducted a risk assessment based upon the information provided in Plaintiff's statements and their collective professional human resource experience.  The Committee considered several factors upon reviewing Plaintiff's statements, including the nature and severity of his sex offense, the age and relation of Plaintiff to the victims, as well as Plaintiff's potential risk to Wal-Mart customers and employees.  Def's Mot. at 6:8-13.

The fact that Plaintiff's criminal conviction first came to two local managers attention (Fermin and Rodriquez) via an hourly employee checking the Website does not lead to the conclusion that the Committee members used the Website in violation of the statute.  The hourly employee did not look at the Website at the direction of Wal-Mart management.  Despite Plaintiff's argument, it is not relevant what others outside of the Analytical Research Center Home Office or the Committee may have known before December 2006.  The crux to finding that Wal-Mart has no liability is that the Committee members voted to terminate Plaintiff once they discovered, through independent investigation by the Analytical Research Center, that Donaleski

was convicted of two felony counts of lewd and lascivious acts with a minor. See Pastrana, 2008 U.S. Dist. LEXIS 94612 at *36.

Moreover, in a recent Ninth Circuit decision, the Court addressed the question whether a final decision maker's independent, legitimate decision to terminate an employee will insulate from liability a lower-level supervisor involved in the process who had a retaliatory motive to have the employee fired. Lakeside-Scott v. Multnomah County, 556 F.3d 797, 799 (9th Cir. 2009). The Court concluded that "the answer must be yes, because the termination decision was not shown to be influenced by the subordinate's retaliatory motives." Id. The Lakeside-Scott case shows that where, as here, the evidence demonstrates "that the final decision-maker made a wholly independent, legitimate decision to discharge the plaintiff, uninfluenced by the retaliatory motives of" the lower-level employee, "the neutrality of the decision making process eliminates any 'causal' link to [the employee's] bias." Id. at 806. Similarly, here, Wal-Mart should be insulated from liability where an employee's review of the Website did not influence the Committee's independent, legitimate decision to discharge Plaintiff.

Plaintiff has not presented any evidence that the Committee members knew or considered that Donaleski was on the Website as part of the decision-making process. Rather, the evidence shows

that the Committee members voted to terminate Plaintiff following the independent investigation and review of Plaintiff's statements describing the circumstances of his convictions. Because Plaintiff has not presented any genuine issue of material fact that Wal-Mart violated California Penal Code ("CPC") § 290.4(d) and 290.46(*l*) by using the Website for an employment decision, his Penal Code claims fail as a matter of law. Accordingly, Defendant's motion for summary judgment on Plaintiff's first cause of action for violation of the Penal Code is GRANTED.[2]

C. Negligence Claim

Plaintiff's negligence claim is premised upon the same set of facts as his first cause of action. Just as Plaintiff's claims for violation of CPC sections 290.4(d) and 290.46(*l*) fails, so too does his negligence cause of action. To establish an action for negligence, one must demonstrate that: (1) the defendant had a legal duty to conform to a standard of conduct to protect plaintiff; (2) the defendant failed to meet this standard of conduct; (3) the defendant's failure was the proximate or legal cause of the resulting injury; and (4) the

---

[2] Because this Court has found there is no genuine issue of any material fact and as a matter of law Wal-Mart did not violate CPC 290.4(d) and 290.46(*l*), it declines to reach Defendant's argument that the statutory provisions are unconstitutional as applied to this case's context.

11

plaintiff was damaged as a result. Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (Cal. 1996).

Here, as explained above, Wal-Mart did not breach any duty, as Wal-Mart did not "use" the Website for purposes relating to employment. The undisputed evidence is that the Committee members did not know Donaleski was listed as a sex offender on the Megan's Law Website, did not consult the Website, and did not use the Website in making the decision to terminate Plaintiff. Without any evidence of a breach of legal duty, Plaintiff's second cause of action for negligence fails as a matter of law. Accordingly, Defendant's motion for summary judgment on Plaintiff's negligence claim is GRANTED.

## III. ORDER

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: May 8, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE